# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-580V
Filed: May 16, 2017

```
* * * * * * * * * * * * * * * * * * * * * * * *
HOLLY LASNETSKI,                            *
                                            *
                Petitioner,                 *      Special Master Sanders
v.                                          *
                                            *
SECRETARY OF HEALTH                         *      Interim Attorneys' Fees and Costs;
AND HUMAN SERVICES,                         *      Reasonable Hourly Rate; Reasonable
                                            *      Costs.
                Respondent.                 *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.
Debra A. Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 10, 2016, Petitioner moved for an award of interim attorneys' fees and costs during this case's pendency before the Court of Appeals for the Federal Circuit. Mot. Int. Att'ys' Fees & Costs, ECF No. 42. After careful consideration, the undersigned has determined to grant this request in part.

### I.   PROCEDURAL HISTORY

On July 9, 2015, Holly Lasnetski ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program,[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered sensory dysesthesias and a severe idiosyncratic reaction as a result of the administration of a Human Papillomavirus ("HPV") vaccination administered on July 18,

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2011.  Pet. 1-2, ECF No. 1.  The case was originally assigned to Special Master Lisa Hamilton-Fieldman.  Not. Reassignment, ECF No. 4.

Over the following year, Petitioner submitted additional medical records and an expert report, arguing that the aluminum adjuvant in the HPV vaccine caused an autoimmune reaction.  Pet'r's Ex. 24 at 12-15, ECF No. 22-1.  On June 19, 2015, Petitioner moved for a ruling on the record, stating that "Petitioner has submitted all evidence intended to be introduced at this time."  Mot. Ruling Rec., ECF No. 25.  Special Master Hamilton-Fieldman subsequently ordered Respondent to submit a responsive expert report, which he filed on October 28, 2015.  Sched. Order, ECF No. 29; Expert Rep., ECF No. 30.

On April 29, 2016, Special Master Hamilton-Fieldman issued her Decision dismissing Petitioner's claim for failing to allege a "defined and recognized injury."  Decision 6, ECF No. 31.  Special Master Hamilton-Fieldman held that Petitioner's alleged injuries "could be used to describe any manifestation of symptoms that post-dates a vaccination."  *Id.*  To find that such an injury could be specific enough to be compensable "would effectively eliminate the Act's injury [] requirement."  *Id.*  Petitioner subsequently filed a Motion for Review of Special Master Hamilton-Fieldman's decision.  Mot. Review, ECF No. 32.  The case was assigned to Judge Marian Blank Horn of the Court of Federal Claims.  Not. Assignment, ECF No. 34.

On September 9, 2016, Judge Horn issued an Opinion denying Petitioner's Motion for Review.  Op. Denying Mot. Review 26, ECF No. 38 [*Lasnetski v. Sec'y of Health & Human Servs.*, 128 Fed.Cl. 242 (2016)].  Judge Horn agreed with Special Master Hamilton-Fieldman that Petitioner failed to allege a "defined and recognized injury."  *Id.* at 26.  Following *Lombardi*, Judge Horn found that petitioners in the Vaccine Program carry the burden to "make a showing of at least one defined and recognized injury."  *Id.* (citing *Lombardi v. Sec'y of Health & Human Servs.*, 656 F.3d 1343, 1353 (Fed. Cir. 2011)).  Special Master Hamilton-Fieldman was not arbitrary or capricious, Judge Horn held, in therefore finding that Petitioner failed to meet her burden simply by arguing that Petitioner's alleged injuries were concrete diagnoses.  *Id.* at 27-28.  Instead, Judge Horn held, Special Master Hamilton-Fieldman used sufficient evidence to find that Petitioner's injures were nothing more than "merely [] symptom[s] or manifestation[s] of an unknown injury."  *Id.* at 28 (quoting Decision 6).  On November 7, 2016, Petitioner filed a Notice of Review to the Court of Appeals for the Federal Circuit.  CAFC Not. Review, ECF No. 41.  Three days later, on November 10, 2016, Petitioner filed her Motion for Interim Attorneys' Fees and Costs.  Mot. Int. Att'ys' Fees & Costs, ECF No. 42.

In her motion for interim attorneys' fees, Petitioner requested $29,085.50 in fees and $4,485.46 in costs, totaling $33,570.96.  *Id.*  Petitioner's attorney, Mr. Knutson, requested an hourly rate of $295 an hour for his work in this case.  *Id.*  Another attorney in Mr. Knutson's firm, Mr. Peter Hemberger, requested an hourly rate of $225 an hour.  *Id.*  Mr. Knutson also requested an hourly rate of $75 for the work of his firm's paralegals.  *Id.*  Mr. Knutson's cost requests included a $3,000.00 expense for the expert report of Dr. James Dahlgren.  Ex. Timesheets & Costs 13, ECF No. 42-2.

Respondent submitted his Response on December 1, 2016.  Resp't Resp., ECF No. 43.  He informed the Court that neither the Vaccine Act nor Vaccine Rule 13 "contemplate[] any role

for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent then stated that "the statutory requirements for an award of attorneys' fees and costs are met in this case," and concluded by asking for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 2, 3. Petitioner did not submit a reply to Respondent's filing. *See* Docket Rep. On January 31, 2017, the case was assigned to the undersigned. Not. Assignment, ECF No. 45.

This matter is now ripe for a decision. For the reasons articulated below, the undersigned awards Mr. Knutson $28,938.00 for attorneys' fees and $3,927.96 for costs, for a total award of $32,865.96.

II.     STANDARDS FOR ADJUDICATION

In *Avera*, the Federal Circuit stated that a special master may award fees on an interim basis, and that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In *Shaw*, the Federal Circuit held that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010). Applying these standards, an award of interim attorneys' fees and costs is reasonable and appropriate in this case. Over two years had already passed in this case when Petitioner submitted her motion for interim attorneys' fees. *See* Docket Rep. In addition, Petitioner submitted an expert report and is awaiting a decision on appeal, possibly extending the case for some time. *Id.* All of these factors lead the undersigned to determine that an award of interim attorneys' fees and costs is appropriate in this case.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1,

3

2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). For example, an attorney that has been practicing for twenty or more years has an appropriate hourly rate between $350 and $425. *Id.* An attorney with eight to ten years of experience, on the other hand, has a reasonable hourly rate between $275 and $350. *Id.*

### III.   DISCUSSION

#### A.  Reasonable Hourly Rate

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted). Mr. Knutson's hourly rate has been found to be reasonable in previous Vaccine Program cases. *See, e.g., Rehn v. Sec'y of Health & Human Servs.*, No. 14-1012V, 2015 WL 9412813 (Fed. Cl. Spec. Mstr. Dec. 1, 2015). The undersigned likewise finds Mr. Knutson's hourly rate to be reasonable in this case. Mr. Hemberger's and Mr. Knutson's firm's paralegal rates are also reasonable under the *McCulloch* fee matrix. 2015 WL 5634323, at *19. Therefore, the undersigned finds that the requested rates in this case are reasonable.

#### B.  Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. 515 F.3d at 1348. In a review of Mr. Knutson's billing records, the undersigned found one unnecessary billing request. On September 12, 2016, Mr. Knutson requested compensation for "rev[iewing] application process for admission to US court of appeals for the federal circuit." Ex. Timesheets & Costs 7. The undersigned will not compensate Mr. Knutson for researching how to join the bar of the Court of Appeals for the Federal Circuit. The resulting deduction amounts to $147.50.

#### C.  Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Mr. Knutson requests a total of $4,485.46 for costs. Mot. Int. Att'ys' Fees & Costs 1. The majority of Mr. Knutson's cost requests relate to acquiring Petitioner's medical records; however, there is one discrepancy the undersigned will not award. In his costs records, Mr. Knutson documents a $3,000.00 expense for Dr. Dahlgren's expert report. Ex. Timesheets & Costs 13. Dr. Dahlgren's invoices to Mr. Knutson, though, only total $2,442.50. *Id.* at 25, 26. The undersigned will not award Mr. Knutson the difference between these charges. The total of this deduction amounts to $557.50.

### IV.   CONCLUSION

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned awards Mr. Knutson $28,938.00 for fees and $3,927.96 for costs. Accordingly, the undersigned awards **the total of $32,865.96 to be issued in the form of a check payable jointly to**

**Petitioner and Petitioner's counsel, Randall G. Knutson, of Knutson & Casey Law Firm, for interim attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[3]

    **IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.