# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: November 2, 2017

```
* * * * * * * * * * * * * * * * * * * * * * * * *
HOLLY LASNETSKI,                    *        No. 14-580V
                                    *
                    Petitioner,     *        Special Master Sanders
v.                                  *
                                    *
SECRETARY OF HEALTH                 *        Attorneys' Fees and Costs;
AND HUMAN SERVICES,                 *        Reasonable Hourly Rate; Adjusted Time
                                    *        Request; Fees for Federal Circuit Appeal.
                    Respondent.     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Randall G. Knutson, Knutson + Casey Law Firm, Mankato, MN, for Petitioner.
Debra A. Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 18, 2017, Holly Lasnetski ("Petitioner") filed a motion for final attorneys' fees and costs.  Mot. Att'ys' Fees, ECF No. 50.  After careful consideration, the undersigned will grant this request in part.

### I.        Procedural History

On July 9, 2014, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioner alleged that she suffered from a severe idiosyncratic reaction and developed sensory dysesthesias as a result of a Human Papillomavirus ("HPV") vaccine received on July 18, 2011.  Pet., ECF No. 1.  Special Master Hamilton-Fieldman dismissed Petitioner's claim on April 29, 2016 for failing to allege a "defined and recognized injury."  *Lasnetski v. Sec'y Health & Human Servs.*, No. 14-580V, slip op. (Fed. Cl. Spec. Mstr. April 29, 2016).  Upon review, Judge Horn of the

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Court of Federal Claims affirmed Special Master Hamilton-Fieldman's decision dismissing Petitioner's claim. *Lasnetski v. Sec'y Health & Human Servs.*, 128 Fed. Cl. 242 (2016).

Petitioner subsequently sought review from the Court of Appeals for the Federal Circuit. CAFC Not. Rev., ECF No. 41. While the Federal Circuit considered Petitioner's claim, the undersigned granted Petitioner's motion for interim fees in part, awarding a total of $32,865.96 for attorneys' fees and costs. *Lasnetski v. Sec'y Health & Human Servs.*, No. 14-580V, 2017 WL 2610525 (Fed. Cl. Spec. Mstr. May 16, 2017).

On August 9, 2017, the Federal Circuit issued a decision affirming the dismissal of Petitioner's claim. *Lasnetski v. Sec'y Health & Human Servs.*, 696 Fed. Appx. 497 (Fed. Cir. 2017). On September 18, 2017, Petitioner filed a motion for attorneys' fees and costs. Mot. Att'ys' Fees. Petitioner requested $32,720.25 for attorneys' fees and $3,678.74 in costs, totaling $36,398.99. *Id.* at 1. Petitioner averred that she incurred no personal costs during her appeal. Statement Gen. Order No. 9, ECF No. 50-7. Respondent filed a Response on October 2, 2017. Resp., ECF No. 51. He indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "recommend[ed]" for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. In a footnote, Respondent noted that Petitioner was previously awarded interim attorneys' fees, and that the Federal Circuit's decision read that "'no costs' were taxed to the parties." *Id.* at 1 n.1.

Petitioner submitted her Reply on October 5, 2017. Reply, ECF No. 53. Petitioner posited that Respondent's footnote raised the question "as to whether the [Federal Circuit's] finding that costs were not awarded to either party [] has an effect on the Petitioner's claim for attorney fees and costs under [the Vaccine Act]." *Id.* at 2. Petitioner quoted § 15 of the Vaccine Act and the Federal Circuit's Rule 39 to argue that she is entitled to compensation for attorneys' fees and costs. *Id.* at 2-3. Petitioner cited the Vaccine Act to argue that a special master may award attorneys' fees and costs "**in any proceeding on such petition**" if the petition meets the good faith and reasonable basis standard. *Id.* at 2 (emphasis in filing). In contrast, Petitioner wrote, Federal Circuit Rule 39 reads that "[w]hen the clerk provides notice of judgment or order disposing of an appeal, the clerk must advise which party or parties are entitled to costs." *Id.* Petitioner argued that the Federal Circuit's "determination is more of a formality than a court determination." *Id.* at 3. Petitioner emphasized that the Federal Circuit did not engage in any "fact-finding or legal analysis to determine if Petitioner's costs should be awarded," and therefore the Federal Circuit's cost notation "should have no bearing on this court's determination on what constitutes reasonable attorney fees and costs." *Id.*

For the reasons discussed below, the undersigned awards Petitioner's Motion for Attorneys' Fees and Costs in part.

## II.    Attorneys' Fees for Federal Circuit Appeals

In cases where compensation is not awarded to a petitioner, the Vaccine Act provides that "the special master or court may award . . . reasonable attorneys' fees and other costs . . . if the

special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 15(e). Special masters have discretion to award reasonable attorneys' fees and costs, including in cases that were appealed to the Federal Circuit, where there is a finding of good faith and a reasonable basis. *See Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2011 WL 2531199, at *2 (Fed. Cl. Spec. Mstr. June 3, 2011) (awarding fees for an appeal supported by reasonable basis); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2013 WL 1189451 (Fed. Cl. Spec. Mstr. Mar. 1, 2013) (denying fees for Federal Circuit appeal); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").

The United States Court of Appeals for the Federal Circuit follows the Federal Rules of Appellate Procedure ("FRAP") and rule addendums applicable only to the Federal Circuit. *See* Fed. Cir. R. Practice, http://www.cafc.uscourts.gov/rules-of-practice/notices. Under FRAP 39, a court may award costs to either party following an appeal "unless the law provides or the court orders otherwise." FRAP 39(a). Costs under FRAP 39 are "limited to the costs of preparing typewritten briefs . . . and of copying briefs and appendices." FRAP 39 (Practice Notes). Pursuant to Federal Circuit Rule 39, the clerk of court "must advise which party or parties is entitled to costs" when there is a "notice of judgment or order disposing of an appeal." Fed. Cir. R. 39(a). The Court of Federal Claims has found that FRAP 39 alone has no bearing on an award of attorneys' fees and costs under § 15(e). *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 640 (2012) (reversing the special master's decision to deny costs following a Rule 39 determination as "there [was] no suggestion that the appellate court sought to foreclose the possibility of an award of costs under [§ 15(e)]"); *see also Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *32 n.30 (Fed. Cl. Spec. Mstr. July 25, 2011) (dismissing Respondent's argument that Petitioner's fee request for appeal was unreasonable "in the absence of some direction from the reviewing court").

Respondent did not dispute good faith or reasonable basis in this case. Resp. 2 (stating that Respondent "[was] satisfied the statutory requirements for an award of attorneys' fees and cost are met in this case"); *see Lasnetski*, 2017 WL 2610525 at *1-2. Furthermore, the Federal Circuit did not consider or investigate whether an award of attorneys' fees and costs is proper in this case under § 15(e). S*ee generally Lasnetski*, 696 Fed. Appx. at 497; *see also Davis*, 105 Fed. Cl. at 640. Consequently, the undersigned finds that Petitioner is entitled to reasonable attorneys' fees and costs.

## III.    Reasonable Attorneys' Fees and Costs

To determine reasonable attorneys' fees and costs under the Vaccine Act, the Federal Circuit has approved the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Attorneys that perform tasks that are routinely done by paralegals are compensated at a reasonable, paralegal hourly rate. *DiFazio v. Sec'y of Health & Human Servs.*, No. 09-530V, 2017 WL 2417322, at *4 (Fed. Cl. Spec. Mstr. May 10, 2017) (citing *Scharfenberger v. Sec'y of Health & Human Servs.*¸ No. 11-221V, 2015 WL 3526559, at *12 (Fed. Cl. Spec. Mstr. May 15, 2015)). It is inappropriate for an attorney to request compensation to research basic aspects of the Vaccine Program. *Matthews v. Sec'y of Health & Human Servs.*¸ No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016) (quoting *Calise v. Sec'y of Health & Human Servs.*, No. 08-865V, 2011 WL 2444810, at *5 (Fed. Cl. Spec. Mstr. June 13, 2011) ("[B]asic education [is] not compensable under the Program.")). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). In *McCulloch*, Special Master Gowen held that an attorney with twenty or more years of experience has a reasonable hourly rate between $350 and $425. *Id.* The Court recently updated the *McCulloch* rates for 2015-2016[3] and 2017.[4] For attorneys with twenty to thirty years of experience, the reasonable hourly fee range for work performed in 2017 is $358 to $424. The revised rate schedule also contains increased rates for attorneys with more than thirty-one years of experience.

### a. Hourly Rates

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted). Petitioner's counsel, Mr. Knutson, requested an hourly rate of $295 for his work performed in 2016 and 2017. *See generally* ECF 50-2. Mr. Knutson also requested an hourly rate of $75 for the work of his paralegal for both years. *Id.* The undersigned previously found these same hourly rates to be reasonable in the Court's

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The hourly rates contained in the 2015-2016 Fee Schedule are updated from the decision in *McCulloch v. Secretary of Health and Human Services*. 2015 WL 5634323, at *19.

[4] The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained in the 2017 Fee Schedule are updated from the decision *McCulloch v. Secretary of Health and Human Services*. 2015 WL 5634323, at *19.

decision awarding Petitioner interim attorneys' fees and costs. *Lasnetski*, 2017 WL 2610525 at *3. Therefore, the undersigned holds Mr. Knutson's hourly rate requests to be reasonable.

### b. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. 515 F.3d at 1348. There are numerous unnecessary and unreasonable entries in Mr. Knutson's billing records. The undersigned will reduce Mr. Knutson's award for billing paralegal tasks at an attorney hourly rate, and for non-compensable requests related to researching the rules of the Federal Circuit.

The undersigned will compensate Mr. Knutson at a paralegal rate for the requests of December 27, 2016;[5] January 2, 3,[6] 6, and 9, 2017; March 7, 15,[7] and 16, 2017; and July 3, 2017. *See* ECF No. 50-2 at 1-8. These entries are associated with revising the brief and appendix that Mr. Knutson ultimately filed with the Federal Circuit. *See id.* Examples of these entries include, "review appendix and numbering of appendix," (December 27, 2016); "Review appendix and revise," (January 6, 2017); "Revise appendix for cites from Reply Brief and email from Debra Begley," (March 7, 2017); and, "File waiver of oral argument with court through electronics system," (July 3, 2017). *Id.* at  1, 2, 4, 5. For calendar year 2016, the undersigned will award Mr. Knutson a reasonable paralegal rate of $145 per hour, and for 2017, the undersigned will award a reasonable paralegal rate of $148[8] per hour. The total from this reduction in Mr. Knutson's hourly rate will be calculated at the conclusion of this section.

The undersigned will not compensate Mr. Knutson for researching the filing rules of the Federal Circuit. *See Carter* 2007 WL 2241877 at *5. Mr. Knutson will not be awarded

---

[5] The undersigned will compensate Mr. Knutson at his reasonably hourly rate for 2.5 hours worked on December 27, 2016. ECF No. 50-2 at 5. Mr. Knutson will be compensated for the entry "draft initial brief." *Id.*

[6] The undersigned will award Mr. Knutson his reasonable, hourly attorney rate for .2 hours on January 3, 2017, recorded as "D[raft] email to Debrah [sic] Begley regarding confidential Opinion." ECF No. 50-2 at 4.

[7] Out of the numerous entries for March 15, 2017, the undersigned will only reduce Mr. Knutson's request for the 2 hours he recorded as "Revise appendix" and "D[raft] notice of correction and revise appendix." ECF No. 50-2 at 2.

[8] The undersigned awards Mr. Knutson the highest amount found reasonable for a paralegal for the years 2016 and 2017. *See supra* notes 3, 4.

attorneys' fees for pertinent entries on November 3,[9] 7,[10] 8, and 28, 2016; December 6,[11] 15, 19,[12] and 22,[13] 2017; January 3,[14] and 8, 2017; and February 21,[15] and 24, 2017.  *See* ECF No. 50-2 at 1-8.  The majority of this time was spent by Mr. Knutson researching the filing rules of the Federal Circuit in order to submit Petitioner's brief and appendix in this case.  *See id.*; *see also supra* notes 9-15.  The undersigned will reduce Mr. Knutson's award of attorneys' fees and costs in accordance with the chart below.  The reduction totals **$7,847.10**.

| Date | Time (in Hours) | Requested Hourly Rate | Awarded Hourly Rate | Billed Amount | Awarded Amount | Difference in Award |
|------|------|------|------|------|------|------|
| 11/3/2016 | 1 | $295 | $0 | $295.00 | $0 | $295.00 |
| 11/7/2016 | 1.5 | $295 | $0 | $442.50 | $0 | $442.50 |
| 11/8/2016 | .25 | $295 | $0 | $73.75 | $0 | $73.75 |
| 11/28/2016 | .3 | $295 | $0 | $88.50 | $0 | $88.50 |
| 12/6/2016 | 1 | $295 | $0 | $295.00 | $0 | $295.00 |
| 12/15/2016 | 1 | $295 | $0 | $295.00 | $0 | $295.00 |

[9] The undersigned will not compensate Mr. Knutson for the one-hour entry labeled, "LEGAL RESEARCH RE: NOTICE OF APPEAL; DRAFT NOTICE OF APPEAL."  ECF No. 50-2 at 7.  This entry is a duplicate of a one-hour entry for November 7, 2016.  *See id.*  The undersigned will award Mr. Knutson the one-hour request from November 7, 2016 for his work drafting the notice of appeals document.

[10] Mr. Knutson will not be compensated for the 1.5 hours he billed as "[r]eview[ing] notice of docketing and deadlines.  Rev[iew] federal rules for appeals."  ECF No. 50-2 at 7.

[11] The undersigned will not award Mr. Knutson his request for the 1 hour he recorded as "legal research issues related to appellate pleadings."  ECF No. 50-2 at 6.

[12] Out of the 6.25 hours billed on December 19, 2016, the undersigned will only compensate Mr. Knutson for 2 hours at his reasonable attorney rate.  *See* ECF No. 50-2 at 5.  The undersigned will award Mr. Knutson for the time spent conferencing with opposing counsel and "review[ing] file documents in preparation for drafting brief."  *Id.*

[13] The undersigned will not award Mr. Knutson compensation for 1.5 hours on December 22, 2016 labeled, "Review federal circuit rules for filing appendix and addendums and begin preparing appendix."  ECF No. 50-2 at 5.

[14] Of the five billing entries Mr. Knutson entered on January 3, 2017, the undersigned will not compensate the 3.6 hours labeled "Review procedures and court rules for sealed court order and required redactions, and required 2 appendixes and two briefs. Begin second brief and appendix."  ECF No. 50-2 at 5.  Mr. Knutson is compensated for the rest of his time on January 3, 2017, except for .2 hours the undersigned will award at Mr. Knutson's reasonable, attorney hourly rate. *See supra* note 6.

[15] The undersigned will not compensate Mr. Knutson for the .5 hour he recorded as "Review appendix citation rules regarding cites to appendix."  ECF No. 50-2 at 3.

| 12/19/2106 | 6.25 | $295 | $0 | $1,843.75 | $590[16] | $1,253.75 |
| 12/22/2016 | 1.5 | $295 | $0 | $442.50 | $0 | $442.50 |
| 12/27/2016 | 2.8 | $295 | $145 | $826.00 | $406.00 | $420.00 |
| 1/2/2017 | 1.5 | $295 | $148 | $442.50 | $222.00 | $220.50 |
| 1/3/2017 | 3.9 | $295 | $148 | $1,150.50 | $577.20 | $573.30 |
| 1/3/2017 | 3.6 | $295 | $0 | $1,062.00 | $0 | $1,062.00 |
| 1/6/2017 | 3.5 | $295 | $148 | $1,032.50 | $518.00 | $514.50 |
| 1/8/2017 | 2.2 | $295 | $0 | $649.00 | $0 | $649.00 |
| 1/9/2017 | .7 | $295 | $148 | $206.50 | $103.60 | $102.90 |
| 2/21/2107 | .5 | $295 | $0 | $147.50 | $0 | $147.50 |
| 2/24/2017 | 1.2 | $295 | $0 | $354.00 | $0 | $354.00 |
| 3/7/2017 | 1.2 | $295 | $148 | $354.00 | $177.60 | $176.40 |
| 3/15/2017 | 2 | $295 | $148 | $590.00 | $296.00 | $294.00 |
| 3/16/2017 | .3 | $295 | $148 | $88.50 | $44.40 | $44.10 |
| 7/3/2017 | .7 | $295 | $148 | $206.50 | $103.60 | $102.90 |
| | | | | | **Total:** | **$7,847.10** |

### c.   Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).  Petitioner's costs consist of the printing of appellate filings, the filing fee for Petitioner's appeal, and the cost of Mr. Knutson's travel to visit his client. ECF No. 50-2 at 11.  A review of Petitioner's costs finds them reasonable, and the undersigned awards Petitioner costs in full.

### IV.     Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $32,720.25 |
| (Reduction to Mr. Knutson's Request) | -$7,847.10 |
| **Total Attorneys' Fees Awarded** | **$24,873.15** |
| | |
| **Attorneys' Costs Awarded** | **$3,678.74** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$28,551.89** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.  **Accordingly, the undersigned hereby awards $28,551.89, in the form of a check made payable jointly to Petitioner and**

---

[16] This amount represents the compensation of 2 hours at Mr. Knutson's reasonable hourly rate. *See supra* note 12.

**Petitioner's counsel, Randall G. Knutson, of Knutson + Casey Law Firm.** [17]  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[18]

       **IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[17] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[18] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).